IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ABIRA MEDICAL LABORATORIES LLC,**          *Plaintiff,*<br><br>    v.<br><br>**MERITAIN HEALTH, INC.,**          *Defendant.* | Civil No. 24-3140 |

## MEMORANDUM

**COSTELLO, J.**                                                                                                          **March 26, 2025**

Plaintiff Abira Medical Laboratories ("Abira") performed medical laboratory testing on samples taken from patients insured by Defendant Meritain Health, Inc. ("Meritain"). Abira sued Meritain after it allegedly refused to pay or underpaid the claims Abira submitted for performing this testing. Abira brought four claims against Meritain: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraudulent and negligent misrepresentation, and equitable and promissory estoppel; (4) and quantum meruit/unjust enrichment.[1] Meritain moved to dismiss all counts. For the reasons stated below, Meritain's motion will be granted in part and denied in part.

### I.   BACKGROUND

Abira performed "clinical laboratory, pharmacy, genetics, addiction rehabilitation, and COVID-19 testing services on specimens submitted by medical service providers" on behalf of Meritain's insureds. ECF No. 1-1 ¶ 11. When Abira later submitted the claims to Meritain for

---

[1]   Abira filed its lawsuit in state court. Meritain timely removed the action to this Court, which has jurisdiction pursuant to 28 U.S.C. § 1332.

payment, Meritain improperly refused to pay. *Id*. ¶ 13. Abira suggests that Meritain's refusal to pay was "groundless," deprived it of thousands of dollars, and is a breach of Meritain's payment obligations. *Id.* ¶ 15.

## II.   LEGAL STANDARD

To survive a motion to dismiss, a complaint must include sufficient factual matter, taken as true, to show that the claim is facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

## III.   DISCUSSION

### A.   Breach of Contract

Abira's breach of contract claim relies on the alleged assignment of benefits from Meritain's insureds to Abira. Under Pennsylvania law, a party may assign its rights and duties under a contract. Unless qualified, the assignment "'extinguishes the assignor's right to performance by the obligor and transfers that right to the assignee.'" *Mericle v. Jackson Nat'l Life Ins. Co.*, 193 F. Supp. 3d 435, 445 (M.D. Pa. 2016) (quoting *Crawford Cent. Sch. Dist. v.*

2

*Com.*, 888 A.2d 616, 619 (Pa. 2005)). "Where an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights," including the right to sue for any breach. *Smith v. Cumberland Grp., Ltd.*, 687 A.2d 1167, 1172 (Pa. Super. 1997). Thus, assuming valid assignments, Abira could sue Meritain for breach of the contracts between Meritain and its insureds.

However, Meritain argues that Abira has not alleged sufficient facts to support its status as an assignee of such contracts. ECF No. 9-4 at 5-6. The Court agrees. Abira's Complaint includes a single conclusory allegation regarding the assignment of benefits:

> An assignment of benefits by a plan participant or beneficiary to a medical service provider such as the Plaintiff transfers to such provider the insured's right to payment under a plan and his right to sue for that payment. As such, the contractual obligations which arose between Plaintiff and Defendant via the assignments of benefits executed by the insureds listed in the attached Exhibit 1, constitute a valid and binding contract(s) between Plaintiff and Defendant as to each of the insureds listed in the attached ***Exhibit B*** (collectively referred to herein as the "Contract").

ECF No. 1-1 ¶ 17. Abira did not include the language of the purported assignments, any description of their scope, or explain how they came about.

In its response to Meritain's motion to dismiss, Abira claims that the insureds "designated Abira as an assignee of the insurance contracts by executing necessary requisitions" and that the "requisitions . . . contained assignments of benefits and attorney-in-fact designation, which transferred the member/insureds' right to payment and right to sue for payment." ECF No. 10 at 1-2. Even if true, these new allegations do not solve Abira's pleading issue because they were not included in the Complaint. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotations and citations omitted).

Due to the lack of factual allegations in the Complaint about the purported assignments, Abira's breach of contract claim will be dismissed. Because it appears that Abira may be able to allege additional facts describing the assignments, this claim will be dismissed without prejudice.

**B.      Breach of the Covenant of Good Faith and Fair Dealing**

Under Pennsylvania law, the covenant of good faith and fair dealing does not form the basis of an independent claim. *Abira Med. Laboratories, LLC v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, No. 24-759, 2024 WL 2188911, at *3 (E.D. Pa. May 15, 2024) (quoting *McCabe v. Marywood Univ.*, 166 A.3d 1257, 1261 (Pa. Super. 2017)) ("Pennsylvania does not recognize an independent cause of action for breach of a covenant of good faith and fair dealing"). Accordingly, this claim will be dismissed with prejudice. If it so chooses, Abira may include allegations related to the covenant in any breach of contract claim raised in an amended complaint.

**C.      Misrepresentation and Estoppel Claims**

Abira's third count raises fraudulent and negligent misrepresentation along with equitable and promissory estoppel. However, equitable estoppel is not an individual cause of action, and Abira failed to plausibly allege each element of the remaining claims.

*1.      Fraudulent and Negligent Misrepresentation*

Fraudulent and negligent misrepresentation require proof of similar elements. Fraudulent misrepresentation requires proof of six elements: "(1) a representation; (2) that is material to the transaction at issue; (3) made falsely, with knowledge of its falsity or reckless disregard as to whether it is true or false; (4) with the intent to mislead another person into relying on it; (5) justifiable reliance; and (6) an injury proximately caused by the reliance." *Gregg v. Ameriprise*

4

*Financial, Inc.*, 245 A.3d 637, 645-46 (Pa. 2021) (citing *Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999)).  To plausibly allege a negligent misrepresentation claim, a complaint must plead: "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 277 (Pa. 2005) (citation omitted).

Abira's Complaint references "the representations and course of conduct" between the parties but offers no elaboration or specifics.  ECF No. 1-1 ¶¶ 31-32.  It is unclear what representations are at issue, when they were made, and by whom.  Without additional information, the Court cannot assess each of the necessary elements.  Moreover, with respect to justifiable reliance, Abira claims that Meritain "regularly refused to pay," underpaid, or failed to respond to submitted claims.  ECF No. 1-1 at ¶¶ 2, 4, 13, 20, 28, 41.  Under these circumstances, it is unclear how Abira could plausibly claim justifiable reliance when the course of conduct involved repeated refusals, underpayments, and non-responses.  Nonetheless, because Abira could conceivably plead additional facts, the Court will dismiss Abira's fraudulent and negligent misrepresentation claims without prejudice.

    2.  *Equitable and Promissory Estoppel*

"Equitable estoppel is not a separate cause of action and can only be raised as an affirmative defense or 'as grounds to prevent the defendant from raising a particular defense.'" *Siegel v. Goldstein*, 657 F. Supp. 3d 646, 662 (E.D. Pa. 2023) (quoting *Carlson v. Arnot-Ogden Mem'l Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990)).  Because equitable estoppel is not an

independent cause of action, Abira's claim for equitable estoppel will be dismissed with prejudice.

With respect to promissory estoppel, Abira must allege that: "(1) the promisor made a promise that [it] should have reasonably expected would induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise." *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 717-18 (Pa. Super. 2005) (citations omitted). "These factors are strictly enforced to guard against the 'loose application' of promissory estoppel." *Cornell Narberth, LLC v. Borough of Narberth*, 167 A.3d 228, 239 (Pa. Commw. Ct. 2017) (citation omitted). A plaintiff must plead "facts to show the existence of an express promise made by defendants." *Rapid Circuits, Inc. v. Sun Nat'l Bank*, Civ. No. 10-6401, 2011 WL 1666919, at *18 (E.D. Pa. May 3, 2011) (unpublished) (citation omitted). A plaintiff cannot rely on a "broad and vague implied promise." *C&K Petroleum Products, Inc. v. Equibank*, 839 F.2d 188, 192 (3d Cir. 1988); *Constar, Inc. v. Nat'l Distribution Ctrs., Inc.*, 101 F. Supp. 2d 319, 324 (E.D. Pa. 2000) ("An implied promise is insufficient to support a claim for promissory estoppel.").

Abira fails to identify any express promise Meritain allegedly made, and it cannot rely on mere implied promises. Accordingly, Abira's promissory estoppel claim will be dismissed without prejudice.

### D.    Quantum Meruit/Unjust Enrichment

The Pennsylvania Supreme Court has explained that a "claim for damages in quantum meruit is fundamentally an equitable claim of unjust enrichment[.]" *Meyer, Darragh, Buckler,*

*Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 179 A.3d 1093, 1102 (Pa. 2018). The party seeking recovery therefore must demonstrate: "(1) [the] benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Id.* In determining if the doctrine applies, the focus is "not on the intention of the parties, but rather on whether the defendant has been unjustly enriched." *Id*.

Abira alleges that it performed laboratory testing for Meritain's insureds and that Meritain never paid for the testing or paid less than what was due. ECF No. 1-1 ¶ 40. These allegations are sufficient to suggest that Abira conferred a benefit on Meritain's insureds and that Meritain was unjustly enriched as a result. *Kaiser*, 2024 WL 2188911, at *8 (citations omitted) (finding that direct conferral of a benefit is not required to maintain unjust enrichment claim). Meritain's motion to dismiss Abira's quantum meruit/unjust enrichment claim will therefore be denied.

### E.     Statute of Limitations

Meritain argues that some of Abira's claims are barred by the statute of limitations. ECF No. 9-4 at 21. A "complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). There is insufficient information in the Complaint to determine whether specific claims are barred by the statute of limitations. Therefore, the Court declines to dismiss on this ground.

### F. Punitive Damages

Generally, the availability of punitive damages is often not resolved on a motion to dismiss because it is "an inherently factual inquiry." *Greenwald Caterers Inc. v. Lancaster Host, LLC*, 599 F. Supp. 3d 235, 248 (E.D. Pa. 2022) (quoting *Witbeck v. Equip. Transp., LLC*, No. 17-498, 2022 WL 625719, *2 (M.D. Pa. Mar. 3, 2022)). However, only the quantum meruit/unjust enrichment claim remains, and that claim is not eligible for punitive damages. *Greenwald Caterers Inc.*, 599 F. Supp. 3d at 253-54. Accordingly, the Court will dismiss Abira's request for punitive damages without prejudice.

## IV. CONCLUSION

Abira's breach of contract, fraudulent and negligent misrepresentation, and promissory estoppel claims will be dismissed without prejudice. The claims for breach of the covenant of good faith and fair dealing and equitable estoppel will be dismissed with prejudice. Abira has set forth sufficient facts to support its quantum meruit/unjust enrichment claim. Because punitive damages are not available for an unjust enrichment claim, Abira's request for punitive damages will be dismissed without prejudice.

An appropriate order follows.

**BY THE COURT:**

_____
MARY KAY COSTELLO, J.
